Theresa GREGORY, Plaintiff,

v.

Edward J. DALY, Individually and in his capacity as Executive Director of Community Action Agency of Greene County, Inc.; and Community Action of Greene County, Inc., Defendants.

No. 98–CV1598 (LEK).

United States District Court,
N.D. New York.

Dec. 17, 1999.

Kevin G. Martin, Kernan, Kerna Law Firm, Utica, NY, Patricia G. Schneider, Office of James F. O'Keefe, Cairo, NY, for Plaintiff.

Susan F. Bartkowski, Office of James T. Towne, Jr., Albany, NY, for Defendants.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

This is a case alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the New York State Human Rights Law, New York Executive Law, § 290 *et seq.* Presently before the Court is Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). For the reasons set forth below, Defendants' motion is granted.

## I. BACKGROUND

Defendant Community Action Agency of Greene County, Inc. employed Plaintiff, most recently as Education Coordinator. Defendant Daly served as executive director of the Head Start program beginning in September 1996. According to the Complaint, defendant Daly made demeaning comments about women, among other inappropriate comments.

An action alleging age and gender discrimination against these Defendants is currently pending in state court.

## II. ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999). In deciding a motion to dismiss, the Court considers all facts alleged in the complaint in the light most favorable to the plaintiff. *See id.* "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,*

754 F.2d 1059, 1067 (2d Cir.1985). Therefore, "this court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (internal citations omitted). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Gant, et al. v. Wallingford Bd. of Educ., et al.*, 69 F.3d 669, 673 (2d Cir.1995) (internal citations omitted).

As the Second Circuit observed, a complaint "consisting of nothing more than naked assertions, and setting forth no facts upon which a Court could find a violation of the Civil Rights Act, fails to state a claim under 12(b)(6)." *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978). Here, Plaintiff's complaint is rife with accusations of "demeaning" comments. Plaintiff alleges nothing more about the facts and circumstances surrounding the purported harassment.

The Supreme Court has established a non-exclusive list of factors relevant in determining whether a given workplace is permeated with discrimination so "severe or pervasive" as to support a Title VII claim. *See Harris v. Forklift Systems*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). These include (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a "mere offensive utterance;" (4) whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted. *See id.* at 23, 114 S.Ct. 367. Plaintiff's complaint fails to address all of these factors. Defendant Daly's statement that she should "get on board or quit" alone will not support a Title VII claim despite her characterization of it as a "quid pro quo" demand. Defendants' explanation that Daly's comments regarding sexual abuse in children could have taken place in the context of their positions as caregivers. The Complaint here contains only conclusory allegations in support of Plaintiff's claims under Title VII and New York State law. Plaintiff must cite specific examples of demeaning comments about women, sexual references, and unwelcome physical contact.

### B. Rule 12(b)(1) Motion to Dismiss

Plaintiff currently a case in pending state court against Defendants alleging gender and age discrimination. Plaintiff distinguishes the two cases by arguing that the state action raises issues of intentional infliction of emotional distress, loss of consortium, and assault and battery. Given the decision above, the Court need not reach this issue.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED and the case DISMISSED in its entirety; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.